**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES BARNES, :
: Civil Action No. 09-1604 (GEB)
      Plaintiff, :
:
:
v. : **OPINION**
:
TRENTON STATE PRISON :
MEDICAL DEPARTMENT, :
:
      Defendant. :

**APPEARANCES:**

  JAMES BARNES, Plaintiff <u>pro se</u>
  #521714/733533B
  Northern State Prison
  168 Frontage Road
  Newark, New Jersey 07114

RECEIVED
JAN - 7 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**BROWN, JR.**, Chief Judge

    Plaintiff, James Barnes, a convicted state prisoner currently confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u> ("IFP"). This matter was initially submitted for filing on April 6, 2009, however, plaintiff failed to submit a complete IFP application with his Complaint, as required under 28 U.S.C. § 1915(a) and (b). Accordingly, this Court administratively terminated the action by Order entered on April 17, 2009, which allowed plaintiff the opportunity to re-open his case upon submission of a complete IFP application. On or about June 11, 2009, plaintiff submitted a complete IFP application. On November 17, 2009, this

Court issued an Order directing that the matter be re-opened so that the Court could review plaintiff's IFP application and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Based on plaintiff's affidavit of indigency, and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's IFP application, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint must be dismissed in its entirety.

I. BACKGROUND

Plaintiff, James Barnes ("Barnes"), brings this civil action against the Trenton State Prison Medical Department. (Complaint, Caption). The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Barnes alleges that, in 2005, he filed a lawsuit against the named defendant herein, alleging a claim of medical negligence or denial of medical care regarding syphilis and hepatitis screening and testing and treatment for pain and discoloration on his penis and testicles. He also states that he has a cyst on his left testicle. Barnes claims that he has recent pain and that tests and medication were ordered for him at Northern State Prison where he is currently incarcerated.

It is not clear from the one-page handwritten Complaint what damages Barnes seeks in this action.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Smith is a prisoner and is proceeding as an indigent.

3

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court identified two working principles underlying the standard for summary dismissal of a Complaint that fails to state a claim:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

> not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).[1]

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1948. The Supreme Court's ruling in

---

[1] The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d)(1).

<u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint is plausible. <u>Id</u>. at 1949-50; <u>see also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 505 U.S. 544, 555, & n.3 (2007); <u>Fowler v. UPMC Shadyside</u>, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that <u>Iqbal</u> provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before <u>Twombly</u>. <u>Fowler</u>, 2009 WL 2501662, *5.

This Court is mindful, however, that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.3d 113, 117 (3d Cir. 2000).

---

[2] In <u>Conley</u>, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Id</u>., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements. <u>Iqbal</u> changed this standard for summary dismissal of a Complaint for failure to state a claim.

III. SECTION 1983 ACTIONS

Barnes brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. ANALYSIS

The allegations in the Complaint suggest that Barnes is asserting a denial of medical care claim against the Trenton State Prison Medical Department for their failure to test and treat plaintiff in 2005. He admits that he filed an action against the same defendant.

This Court finds that this action is entirely duplicative of plaintiff's earlier Complaint filed against the very same defendant and making the very same allegations. See Barnes v.

7

<u>Trenton State Prison Medical Department</u>, Civil No. 06-5703 (FLW). This earlier action was closed on January 14, 2009, upon an Order granting the defendant summary judgment.

Consequently, this action must be dismissed because it is barred under the doctrine of <u>res judicata</u>.

Under the doctrine of <u>res judicata</u>, "the parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigate-even if they chose not to exploit that opportunity-whether the initial judgment was erroneous or not." <u>Hardison v. Alexander</u>, 655 F.2d 1281 (D.C. Cir. 1981). The doctrine of <u>res judicata</u> requires an identity of parties or their privies in the earlier and later suits. A final judgment in one action "bars any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" <u>Page v. United States</u>, 729 F.2d 818, 820 (D.C. Cir. 1984)(quoting <u>Expert Elec., Inc. v. Levine</u>, 554 F.2d 1227, 1234 (2d Cir. 1977)); <u>accord</u> <u>Velikonja v. Ashcroft</u>, 355 F. Supp.2d 197, 200-01 (D.D.C. 2005).

Here, Barnes' Complaint names the very same defendant and alleges the identical nucleus of facts that formed the basis of his previous complaint in Civil No. 06-5703 (FLW). On January 14, 2009, the Honorable Freda L. Wolfson granted the defendant summary judgment and dismissing the action in its entirety.

Consequently, the doctrine of res judicata bars Barnes from relitigating the very same medical negligence and denial of medical care claims based on the same set of facts as alleged here.

Moreover, to the extent that Barnes may be alleging a claim against this defendant based on new facts from 2005, this action would be time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Jones v. Bock, 549 U.S. 199, 214-15 (2007)(if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); see also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hunterson v. DiSabato, 2007 WL 1771315

9

(3d Cir.2007)("district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run")(citing Jones v. Bock, Pino v. Ryan)(not precedential); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).

Federal courts look to state law to determine the limitations period for § 1983 actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace, supra; Jones v. R.R. Donnelley & Sons, 541 U.S. 369, 382 (2004)(federal civil rights claims under §§ 1981, 1982, 1983 and 1985 are subject to the state statute of limitations for personal injury actions); Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiffs' claims under §§ 1983 and 1985. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a

wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson v. Garcia, 471 U.S. at 269.

Moreover, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. at 388 (emphasis in original). A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982). See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996)(citing Oshiver, 38 F.3d at 1386).

Here, the medical claim at issue admittedly arose in 2005. Barnes also admits that he filed a lawsuit against the defendant in 2006 regarding the failure of defendant to address his medical grievances. Thus, it is plain from the face of the Complaint

11

that Barnes knew, or had reason to know, in 2005, that he may have a claim against the defendant for a medical negligence and/or denial of medical care claim. However, Barnes did not file this federal action until April 6, 2009, four years later.

Moreover, upon careful review of the Complaint, there is nothing alleged to support an argument that Barnes would be entitled to equitable tolling of the statute of limitations. Any claim that Barnes now alleges concerning a failure to provide adequate medical care accrued as admitted in 2005. Barnes alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.[3] Barnes filed his action concerning his medical claims in

---

[3] New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.
   When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:
> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or

2006.  Any additional claim relating to this matter should have been brought forth in his earlier action.  Barnes does not plead ignorance of the law or the fact of his confinement (neither excuse being sufficient to relax the statute of limitations bar in this instance) as the basis for delay in bringing this suit now, or for failing to amend his earlier action to assert this claim (to the extent that it alleges new facts).  Barnes has not offered any explanation for his lack of diligence in pursuing this claim in his first action against this defendant long after it had expired.  This omission strongly militates against equitable tolling of the statute of limitations here.  Therefore, the Court finds that this Complaint against the Trenton State Prison Medical Department is time-barred and must be dismissed with prejudice.

---

(3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

V.  CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, as against the defendant Trenton State Prison Medical Department, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. An appropriate order follows.

*[signature]*

GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: 1/5/10